IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-286-D

| | | |
|---|---|---|
| SHARON K. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| | ) | |
| VANCE COUNTY BOARD OF EDUCATION, | ) | |
| | ) | |
| Defendant. | | |

This matter is before the court on Defendant's motion to seal Defendant's answer [DE #23]. Plaintiff has responded in opposition of the motion [DE #25], and Defendant has replied [DE #26]. The time for further filings has expired, and the motion is ripe for adjudication. For the reasons stated below, the court denies the motion without prejudice.

## DISCUSSION

Before sealing a publicly filed document, the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all records and documents," whereas "the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180-81 (internal quotation marks and citations omitted); *see, e.g.*, *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (finding that documents filed in

connection with summary judgment motion fall under the First Amendment right to access). The common law presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford*, 846 F.2d at 253). However, the denial of access under the First Amendment "must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford*, 846 F.2d at 253.

To determine whether records should be sealed, this court must follow the procedure established in *In Re Knight Publ. Co.*, 743 F.2d 231 (4th Cir. 1984). First, the court must provide public notice of the request to seal and allow the interested parties a reasonable opportunity to object. *Id.* at 235-36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235-36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

Here, Defendant seeks to seal its answer because some of the paragraphs contain information found in confidential personnel records. Defendant specifically cites paragraphs 26, 35, and 37 as containing such confidential information. Defendant maintains that such information is protected by N.C. Gen. Stat. §§ 115C-

319, 115C-320, and 115C-321. The motion to seal was filed on October 27, 2015, and it has been accessible to the public on the court's computerized case management and case filing system since that time. Thus, the public has been provided with notice and an opportunity to object to Defendant's motion. *See Knight*, 743 F.2d at 234 (noting that the Third Circuit found notice sufficient where a motion was docketed reasonably in advance of its disposition); *see also Oliver v. Williams*, No. 5:09-CT-3027-H, 2010 WL 2927456, at *1 (E.D.N.C. July 21, 2010).

Defendant's motion to seal its answer in its entirety implicates the right of access under the First Amendment. *See Rushford*, 846 F.2d at 253 (citing *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067-71 (3d Cir. 1984) (concluding that the First Amendment guarantees to the public and to the press the right of access to civil trials). Defendant has not provided sufficient argument under the First Amendment to support sealing the entire answer. Nor has Defendant, in light of the more stringent standard, adequately demonstrated there are no alternatives to sealing its answer in its entirety, such as redaction of the purportedly confidential information. Consequently, the court concludes that Defendant has failed to adequately support its motion to seal.

## CONCLUSION

For the foregoing reasons, the motion to seal [DE #23] is DENIED WITHOUT PREJUDICE. The Clerk is DIRECTED to maintain the proposed sealed document [DE #22] under temporary seal until such time as the court has ruled on any renewed motions to seal with respect to this document. If no renewed motion to seal is filed

3

within thirty days of the date of this order, the Clerk is DIRECTED to unseal Defendant's answer.

This 5th day of May 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge